On respondent's petition for reconsideration filed July 3, reconsideration allowed; former opinion (249 Or App 178, 274 P3d 312) withdrawn; affirmed October 3, 2012

Susan A. NICHOLS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
11AB0438; A148099

289 P3d 276

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, for petition.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

The Employment Department (department) seeks reconsideration of our opinion reversing and remanding this case to the Employment Appeals Board (board) because the board affirmed, without explanation, the opinion of the administrative law judge (ALJ). *Nichols v. Employment Department*, 249 Or App 178, 274 P3d 312 (2012). The department argues that we made a factual error because we did not review the board's decision on reconsideration.[1] The department is correct. We grant the department's petition for reconsideration, and, on reconsideration, we affirm.

The relevant facts are procedural. Petitioner left work and filed a claim for unemployment benefits. Petitioner received benefits for nearly three months until the department denied benefits, finding that petitioner voluntarily left work. That decision became final on March 30, 2010. In September 2010, the department issued a notice of overpayment. Petitioner filed a timely request for a hearing, essentially arguing that she was entitled to unemployment benefits and, therefore, could not have been overpaid benefits. The ALJ affirmed the overpayment notice. Petitioner requested review by the board. The board, on reconsideration, affirmed the ALJ, noting that petitioner's arguments were, in essence, a collateral attack on the prior final notice that she voluntarily left work.[2]

On judicial review, petitioner argues that the board erred in affirming the ALJ's refusal to admit a letter from her former employer stating that she was laid off and testimony on the same issue as not relevant to the issue before the ALJ: whether the overpayment notice was correct.[3] We agree with the board that petitioner cannot challenge the overpayment

---

[1] The department initially waived appearance and appeared only on reconsideration.

[2] In addition, the board did not consider petitioner's written argument and request for additional time to file her written argument because neither were timely submitted. However, the board stated that, had the documents been timely received and considered, the documents would not affect the board's decision.

[3] Petitioner's position on judicial review is that, although she was found to have voluntarily quit her job at Lodestar in March 2008, she was entitled to unemployment benefits from the date that Lodestar went out of business on April 15, 2008, because Lodestar could no longer provide employment to her after that date.

assessment on the ground that she did not quit voluntarily or that she was entitled to those benefits. Decisions and final orders arising out of review proceedings under ORS 657.270, ORS 657.275, and ORS 657.282 may be used for the purpose of preclusion in an administrative proceeding under ORS chapter 657. ORS 657.273(1).[4] Accordingly, the board did not err in affirming the decision of the ALJ.

Reconsideration allowed; former opinion withdrawn; affirmed.

---

[4] Petitioner's second and third assignments of error also concern her entitlement to benefits; therefore, we reject them on the same basis.